COWMAN *v.* KINGSLAND and others.

A defendant at law interposed usury and affixed an affidavit to his pleas, with a seeming view to examine the plaintiff under the statute, but such affidavit was not deemed sufficient to meet the views of the act: and a verdict and judgment were had against him: *Held*, that he was too late to come into this court for relief.

This court will not interfere with a judgment at law, where a bill of discovery could have been filed, on the ground that the defendant therein can now (on account of a discharge under the bankrupt act) have the use of his co-defendant as a witness to prove his case.

DEMURRER interposed by the defendants Daniel C. Kingsland and Ambrose C. Kingsland.

The complainant, Augustus T. Cowman, had come into this court, by his bill, after an unsuccessful defence of usury in the supreme court against certain bonds founded on a loan. The facts at law will be found in the case of *Kingsland* v. *Cowman*, 5 Hill's Rep. 608. It will be seen there that the complainant (defendant at law) was not allowed to examine the plaintiffs to prove the usury set forth in the notice annexed to his pleas, for the reason that the truth of such notice was not sworn to in positive terms ; and that a verdict was rendered against him and his co-defendant Eccles Gillender for eight thousand dollars of debt, besides damages and costs. The complainant had also endorsed a promissory note made by Gillender for payment of interest due on the loan, which had matured and remained unpaid.

After stating all this, the bill went on to show that judgment had been perfected on the verdict and an execution had been issued and a large amount of real estate levied on ; that the said co-defendant at law, Eccles Gillender, who had a full knowledge of the charges of usury, had now taken the benefit of the bankrupt act and he had obtained his discharge and certificate thereunder. That he, the said Gillender, had, since the said trial at law, become, by means of the said discharge and certificate, wholly disinterested in the controversy in the said suit at law and in this bill and was

*Jan.* 16, 1845.

*Jurisdiction.*
*Judgment at Law.*
*Bill of discovery.*

a competent witness for the complainant in the present suit and that the said complainant could now prove, by the said Gillender, his defence of usury to the said bonds. *Prayer*, that the said defendants Daniel C. Kingsland and Ambrose C. Kingsland might be decreed to cancel and discharge the judgment at law and repay whatever the complainant might have heretofore paid on account of the loan or for costs, &c. The complainant waived an answer under oath.

Mr. *L. B. Woodruff* for the defendants, in support of the demurrer.

Mr. *Lord*, for the complainant.

THE VICE-CHANCELLOR.—The bill contains enough upon its face to affect the bonds, on which the judgment has been recovered, with usury. But the question is, whether the complainant is not too late in seeking relief in this court after trial and judgment against him at law in the action on the bonds?

It is the principal ground of the demurrer that the complainants, having failed at law with a defence which was a legal and available one there, cannot seek relief in this court on the same ground.

In *Norton* v. *Woods*, 5 Paige's C. R. 251, S. C. on appeal, 22 Wend. 520, the chancellor has laid down the doctrine, from a number of former cases in this court and in the English chancery, that a party, having a legal defence, must avail himself of it in a suit at law—even by the filing of a bill of discovery for evidence, if he cannot avail himself of facts in any other way. If he omits to do so and does not render a satisfactory excuse for not resorting to such a bill in the first instance, the court will not relieve him from the consequences of his neglect or omission after a judgment has been obtained.

In the case of *Norton* v. *Woods*, supra, it appeared that the complainant had been deprived of the testimony of the only person who knew the facts, by his being a party plaintiff in the suit at law and, therefore, not admissible as a witness, although otherwise disinterested ; and, moreover, a bill of

discovery would have availed nothing. Hence the propriety, in that case, of a resort to the court of chancery after judgment for relief. But the case in hand is different. Here, a bill of discovery, in the first instance, would have been available. The facts were within the knowledge of the plaintiff in the court of law and might have been obtained preparatory to a trial. It is true, that another mode of obtaining a discovery of usury is authorized by the statute, namely, of putting the plaintiff upon the stand as a witness. This, the complainant attempted to do; but it failed—either because he could not or did not make the necessary and proper affidavit to entitle him to put the plaintiff on the stand as a witness. If he could not make a sufficient affidavit for that purpose, he must be supposed to have known, beforehand, that he could not; and that being so, he should have resorted to his bill of discovery. If he could have made the proper affidavit and did not, it was his own folly or negligence; and the omission in such a case presents no ground of excuse. It is true that the complainant has, now, in this court, a competent witness in Gillender to prove the usury, whose testimony he could not have had on the trial at law; and, therefore, he waives a discovery from the defendants in this bill. But the competency of Gillender, as a witness now, does not excuse the omission of not filing a bill of discovery before the trial.

I find no precedent for granting a new trial because a person has become competent to prove facts constituting a defence since the trial, when the party could have had the benefit of the same facts upon a bill of discovery before the trial.

The case of *McIntire* v. *Mancius*, 16 J. R. 592, has been mentioned; but it is not an analogous case; and *Cowman* v. *Lovett* (M. S. opinion of V. C. Nov. 6, 1843), which has been referred to, was a case of a bill filed for discovery before a trial at law; and, in that respect, different from the present.

There may be a very great hardship in leaving this complainant liable to pay the judgment; but I do not see that there is any help for him.

With respect to the promissory note spoken of in the bill

and prayed to be surrendered and cancelled, the complainant stands in no need of the aid of this court. The note is past due and if ever an action is brought on it, he can now make a good defence at law.

*Order*, that the demurrer be allowed; and bill dismissed, with costs.